## W. E. GRIGG v. JEFFERSON STANDARD LIFE INSURANCE COMPANY AND JULIAN PRICE, TRUSTEE.

(Filed 10 May, 1933.)

APPEAL by plaintiff from *Schenck, J.,* at October Term, 1932, of LINCOLN. Affirmed.

This is an action to recover of the defendant, Jefferson Standard Life Insurance Company, the sum of $10,000, the proceeds of two checks, each for the sum of $5,000. These checks, both payable to the plaintiff and the Jefferson Standard Life Insurance Company, jointly, were issued by certain fire insurance companies in payment of the loss sustained by the plaintiff resulting from the destruction by fire of a building owned by the plaintiff and others, and conveyed by them to the defendant, Julian Price, trustee, to secure the payment of their note payable to the said Jefferson Life Insurance Company. Both checks, each endorsed by the plaintiff, were delivered to and collected by the defendant, Jefferson Standard Life Insurance Company.

From judgment as of nonsuit, at the close of all the evidence, dismissing the action, the plaintiff appealed to the Supreme Court.

*Louis A. Whitener and C. R. Jonas for plaintiff.*

*Brooks, Parker, Smith & Wharton, Kemp B. Nixon and A. L. Quickel for defendants.*

PER CURIAM. Prior to the commencement of this action, the plaintiff, having first endorsed the same, delivered to the defendant, Jefferson Standard Life Insurance Company, two checks, each for the sum of $5,000, both checks being payable to the order of the plaintiff and the said Jefferson Standard Life Insurance Company, jointly. These checks had been issued by certain fire insurance companies in payment of the loss sustained by the plaintiff resulting from the destruction by fire of a building situate in the town of Lincolnton, N. C., and owned by plaintiff and his son. The policies covering said building had been duly assigned by plaintiff to the Jefferson Standard Life Insurance Company, in

compliance with provisions in a deed of trust executed by plaintiff and others to the defendant, Julian Price, trustee, to secure the payment of a note payable to the said Jefferson Standard Life Insurance Company. The Jefferson Standard Life Insurance Company collected both said checks. The proceeds of the checks were applicable, at the option of the Jefferson Standard Life Insurance Company, to the payment of its note. The said proceeds were more than sufficient in amount to pay the said note. The note, however, was not due at the date of the delivery of said checks to the Jefferson Standard Life Insurance Company by the plaintiff.

At the request of the plaintiff and his son, who were the owners of the lot on which the building was situate when it was destroyed by fire, the Jefferson Standard Life Insurance Company agreed to hold the proceeds of said checks, and not apply the same to the payment of its note, until the plaintiff and his son could make arrangements to have the building which had been destroyed by fire replaced by a new building, and upon such arrangement being made, and the new building erected, to apply said proceeds to the payment of the cost of the new building.

All the evidence at the trial showed that plaintiff and his son had made arrangements for the erection of the new building to replace the building which had been destroyed by fire, that the new building had been erected in accordance with such arrangement, and that the Jefferson Standard Life Insurance Company had applied the proceeds.of the checks to the payment of the cost of the new building in accordance with its agreement with the plaintiff and his son. The said proceeds did not exceed the cost of the new building, and the Jefferson Standard Life Insurance Company is not now indebted to the plaintiff in any sum.

There was no error in the judgment dismissing the action at the close of all the evidence. The allegations of the complaint were not sustained by the evidence at the trial. The judgment is

Affirmed.